# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLORIA PALACIOS, | ) | 1:09cv0554 OWW DLB |
| | ) | |
| | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| Plaintiff, | ) | WITH LEAVE TO AMEND |
| | ) | |
| v. | ) | ORDER LIMITING AMENDED |
| | ) | COMPLAINT TO 25 PAGES |
| FRESNO COUNTY SUPERIOR COURT, | ) | |
| et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Gloria Palacios ("Plaintiff"), appearing pro se, filed the instant civil rights action on March 25, 2009. She names over thirty Defendants, including judges, court officers, attorneys, and judicial, administrative and law enforcement entities.

### **DISCUSSION**

A.    Screening Standard

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) where the claimant cannot possibly win relief. Omar v.Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981). A claim is legally frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Wiliams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Nietzke, 490 U.S. at 327.

Further, a plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

B.    Plaintiff's Allegations

Plaintiff's complaint appears to arise from perceived wrongs incurred in the state judicial system over the past twelve years and an arrest in 2008. As Defendants, Plaintiff names the Fresno Superior Court and Fifth District Court of Appeal, judges and court staff, the Fresno County Sheriff, officers, and personnel, district attorneys, Governor Schwarzenegger, and administrative entities such as the Judicial Council of California, the Administrative Office of the Courts, the California State Bar Association and the Commission on Judicial Appointments.

Plaintiff's complaint, however, consists of an 80 page narrative and does not state her claims plainly and succinctly. The Court will not sift through Plaintiff's complaint in an attempt to ascertain what causes of action are pled against which Defendants. Plaintiff will be given an opportunity to amend, as discussed below, to comply with the requirements Rule 8.

C.    Legal Standards

In amending her complaint, Plaintiff should keep in mind the following general legal standards and only amend those claims which she reasonably believes to be cognizable.[1]

---
[1] These standards are in no way comprehensive of the issues in Plaintiff's complaint.

1        1.    *Judges*

2        Plaintiff names no less than seven state court judges sitting on both the state court and

3   appellate benches.  However, judges are absolutely immune from damages actions for judicial

4   acts taken within the jurisdiction of their courts.  <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1204

5   (9th Cir. 1988); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 418 (1976).  Actions taken or rulings made

6   by a judge in connection with a case to which the judge was assigned are generally within their

7   jurisdiction.

8        2.    *Court Staff*

9        Similarly, court clerks and staff have absolute quasi-judicial immunity from damages for

10  civil rights violations when they perform tasks that are an integral part of the judicial process.

11  <u>Mullis v. United States Bankruptcy Court</u>, 828 F.2d 1385 (9th Cir. 1987); <u>Morrison v. Jones</u>, 607

12  F.2d 1269, 1273 (9th Cir. 1979), <u>cert.</u> <u>denied</u>, 445 U.S. 962 (1980).

13       3.    *Prosecutors*

14       Prosecutors are absolutely immune from civil suits for damages under section 1983 which

15  challenge activities related to the initiation and presentation of criminal prosecutions.  <u>Imbler v.</u>

16  <u>Pachtman</u>, 424 U.S. 409 (1976).  If allegations relate to the district attorney's actions in

17  performing functions intimately associated with the judicial phase of the criminal process, the

18  claim will generally be dismissed on grounds of prosecutorial immunity.  <u>Id.</u>; see <u>Stevens v.</u>

19  <u>Rifkin</u>, 608 F.Supp. 710, 728 (N.D. Cal. 1984); 28 U.S.C. § 1915A(b)(2).

20  C.   Plaintiff's Prior Action

21       Plaintiff has already attempted to bring an action based, at least in part, on the allegations

22  included in this complaint.[2]  The action was dismissed without leave to amend on March 19,

23  2008.  In setting forth the reasons why she could not state a claim, the Court explained that (1)

24  the Fresno County Superior Court was not a person for purposes of section 1983; (2) Judges

25  Petrucelli and Kalemakarian were entitled to absolute judicial immunity from damages actions

26

27

28
    _____

    [2] <u>Placios v. Fresno County Superior Court</u>, 1:08cv158 OWW DLB.

1  under section 1983; and (3) court-clerks are entitled to absolute quasi-judicial immunity from

2  damages under section 1983.

3  Despite the Court's prior explanations as to why her allegations failed, Plaintiff has again

4  filed a similar action.  Although her complaint now contains more Defendants and additional

5  claims for relief, i.e., violations of the Americans with Disabilities Act, it also contains the

6  claims and Defendants that the Court previously disposed of.  If Plaintiff continues to allege such

7  claims, the Court may recommend that this action be dismissed for Plaintiff's failure to follow

8  the Court's orders.

9  D.    Amended Complaint

10  In amending her complaint, Plaintiff is informed that the Court cannot refer to a prior

11  pleading in order to make her amended complaint complete.  Local Rule 15-220 requires that an

12  amended complaint be complete in itself without reference to any prior pleading.  This is

13  because, as a general rule, an amended complaint supercedes the original complaint.  See Loux v.

14  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original

15  pleading no longer serves any function in the case.

16  Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED

17  WITH LEAVE TO AMEND.  Plaintiff may file an amended complaint within thirty (30) days of

18  the date of service of this order.  Plaintiff's complaint should be clearly titled, "First Amended

19  Complaint," and shall refer to the case number assigned to this action.  **Her complaint shall**

20  **comply with Rule 8 and be limited to 25 pages.**  It must contain a short and plain statement of

21  her claims and must clearly set forth the causes of action alleged against each Defendant.  If

22  Plaintiff does not file an amended complaint within this time frame and in accordance with this

23  order, the Court will recommend that this action be dismissed.

24

25  IT IS SO ORDERED.

26  **Dated:    April 22, 2009**              _____/s/ **Dennis L. Beck**_____
                                            UNITED STATES MAGISTRATE JUDGE

27

28

4