# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA PALACIOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRESNO COUNTY SUPERIOR COURT, et al.,<br><br>　　　　Defendants. | 1:09cv0554 OWW DLB<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME (Document 12)<br><br>ORDER GRANTING MOTION TO SEAL (Document 12)<br><br>ORDER DENYING MOTION FOR COUNSEL (Document 10) |

　　　　Plaintiff Gloria Palacios ("Plaintiff"), appearing pro se, filed the instant civil rights action on March 25, 2009. On April 23, 2009, the Court dismissed Plaintiff's complaint with leave to amend. After two extensions of time, Plaintiff's amended complaint was due on or before August 26, 2009. In the order granting Plaintiff's extension, the Court forewarned Plaintiff that any further requests for additional time "will be denied absent extraordinary circumstances."

A.　　Request for Extension of Time and Motion to Seal Letter

　　　　On August 26, 2009, Plaintiff submitted a third request for an extension of time. Plaintiff requests an additional 30 days based primarily on her inability to proceed because of her disability. Plaintiff further explains that she is in the process of attempting to find counsel and states that as of August 13, 2009, she is "being treated with excellent medication ... which [she] believes will be helping [her] function much better within four to five weeks." Motion, at 2.

Based on Plaintiff's efforts to find counsel and her belief that her medical condition will improve within the next four to five weeks, the Court finds that extraordinary circumstances exist to allow Plaintiff an additional 30 days to file her amended complaint.  Plaintiff's request is GRANTED and her amended complaint shall be due within 30 days of service of this order. **This is the Court's final extension, however, and further extensions will result in an Order to Show Cause why this action should not be dismissed for Plaintiff's failure to prosecute.**

Insofar as Plaintiff requests that her treating physician's letter be sealed, her request is GRANTED.  Local Rule 39-141(a).

B.      Motion for Counsel

On August 14, 2009, Plaintiff filed a motion in which she requests that the Court appoint her counsel to assist her in the prosecution of her action.  She appears to request counsel as an accommodation under the Americans with Disabilities Act ("ADA") and argues that she is medically disabled to represent herself.

While the Court can, in extraordinary circumstances, appoint counsel to a plaintiff proceeding pro se and in forma pauperis, there is no parallel procedure where a plaintiff has paid the filing fee.  There is no there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  In any event, Plaintiff requests counsel based on her alleged disability, but the Court notes that her writing is clear and she does not appear to have any communication issues.  Additionally, Plaintiff has indicated that she is on helpful medication and believes that her condition will improve shortly.  Plaintiff is assured that the Court is well-versed in handling pro se plaintiffs and working within the realm of their abilities.

Insofar as Plaintiff believes that she is entitled to counsel under the ADA as an accommodation to her access to this Court, she is mistaken.  There is no right to counsel as an

1  accommodation under the ADA.  Moreover, Plaintiff has access to this Court and given the
2  amount of experience this Court has with pro se plaintiffs, her access is meaningful.
3      Accordingly, Plaintiff's request is DENIED.


5      IT IS SO ORDERED.
6      Dated:   **September 4, 2009**                   **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE