# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA PALACIOS, | 1:09cv0554 OWW DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF CERTAIN CLAIMS AND CERTAIN DEFENDANTS WITHOUT LEAVE TO AMEND |
| v. | |
| FRESNO COUNTY SUPERIOR COURT, et al., | ORDER GRANTING PLAINTIFF LEAVE TO AMEND THE 42 U.S.C. § 1983 CLAIM |
| Defendants. | |

Plaintiff Gloria Palacios ("Plaintiff"), appearing pro se, filed the instant civil rights action on March 25, 2009. Pursuant to Court order, she filed her First Amended Complaint ("FAC") on October 5, 2009. Plaintiff alleges civil rights violations pursuant to 42 U.S.C. § 1983, as well as violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("RA"), and the California Unruh Civil Rights Act.

**DISCUSSION**

A.  Screening Standard

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) where the claimant cannot possibly win relief. Omar v.Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981). A claim is legally frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Wiliams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A federal court may dismiss a

claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Nietzke, 490 U.S. at 327.

Further, a plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim.  Id.

B.      Plaintiff's Allegations

Plaintiff's allegations arise from her perceived treatment during years of litigation in the Fresno County Superior Court and the Fifth District Court of Appeal.  She contends that the alleged wrongs began in May 2002 and continued through 2009.  Plaintiff names the following Defendants: Fresno County Superior Court ("FCSC"), Judge James Petrucelli, Judge David Kalemakarian, Judge Gary Austin, Judge Brian Arax, Judge Kimberly Gaab, Temporary Judge Charles Soley, Commissioner B. Nytrom-Gist, FCSC CEO Tamara Beard, FCSC employees Fran Collins (Manager Family Services), Linda Beckette (Assistant Manager Family Services), Terri La Flori (Appeals Supervisor), Teresa Doe (Appeals Division), Fran Riley (Court Reporter Services Manager), Sara Campbell, D. Brengelman (clerk), Jane Doe 1 (clerk), and Sharon Doe (Librarian), the Fifth District Court of Appeal, Justice James Ardaiz, Fifth District Court of Appeal employees Diane Monopoly (clerk) and Jane Doe 2 (clerk), the Fresno County Sheriff's Office, Fresno County Sheriff Margaret Mims, Deputy Sheriff Francis Devins, Deputy Sheriff Manuel Chavez, and "Sheriff Officers 'Doe' 3-8 Central Valley Citizens."  FAC, at 7.

In her FAC, Plaintiff contends that she is a qualified individual under the ADA because of a cognitive/brain injury, which she contends results in reading, writing, comprehension, and communication problems. Plaintiff complains that the FCSC and Fifth District Court of Appeal failed to comply with the ADA by not properly informing of her right to accommodations despite requesting accommodations numerous times. Plaintiff believes that this failure resulted in the denial of meaningful access to the courts. For example, Plaintiff contends that she was not allowed to apply for a waiver of fees, was not allowed in chambers to discuss her case, was not provided with copies of documents, was not allowed to check books out of the library and was not allowed to defend herself. She also contends that FCSC employees ridiculed and humiliated her and that the judges did not fairly decide her motions and treated her unfairly. Plaintiff believes that employees purposely misrepresented facts and withheld information relating to her cases. She also alleges that court staff refused to provide assistance with copying, made her leave the lobby just prior to closing time and falsely accused her of having prohibited items in her purse.

As to the law enforcement Defendants, Plaintiff references an incident in February 2008 during which the officers were "rude, discourteous and disrespectful." FAC 17. For instance, she alleges that Officer Devins conspired with Defendant Collins to deny Plaintiff access to the court by refusing to accept a grievance about the officers' discriminatory treatment in the court lobby. She contends that Officer Devins arrested her without probable cause, physically hurt her during the arrest, failed to follow procedures relating to frisking and misrepresented facts in the police report. Officer Chavez, according to Plaintiff, followed orders that he knew to be against standard arresting procedure. Plaintiff alleges that Officers John Doe and Jane Doe continuously discriminated against her and violated her constitutional rights at the court entrance by their rude and intimidating behavior. Plaintiff states that she was criminally charged, but that the charges were eventually dismissed.

Based on these allegations, Plaintiff alleges the following causes of action:

1. Violation of the ADA, resulting in denial of meaningful access to the courts and violation of Plaintiff's rights to freedom of speech, due process and equal protection. This cause

3

of action is based on the alleged conduct of court employees, as well as the officers' alleged refusal to allow her to file a grievance, use of excessive force and arrest without probable cause.

2. Violation of Section 504 of the Rehabilitation Act, based on Defendants' discrimination, harassment and failure to provide adequate services and meaningful access. She also alleges that Defendant Beard failed to investigate the issues presented to her and failed to train her staff to ensure that people with disabilities are allowed meaningful access.

3. Violation of 42 U.S.C. §§ 1983 and 1985, as well as the California Unruh Civil Rights Act, based on the law enforcement Defendants' failure to train and supervise employees and their alleged violation of Plaintiff's First, Fourth and Fourteenth Amendment rights.

Plaintiff requests injunctive relief as well as compensatory and punitive damages. She also requests that her criminal record be expunged.

C.  DISCUSSION

   1.   *Defendant Judges are Entitled to Absolute Immunity*

It is well settled that judges are generally immune from suit for money damages. Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001). However, absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges may on occasion be assigned to perform. Forrester v. White, 484 U.S. 219, 227 (1988). The Ninth Circuit has identified the following factors as relevant to the determination of whether a particular act is judicial in nature: (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall, 260 F.3d at 1133; Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir.1999).

Based on the allegations in her complaint, the Court concludes that Defendant Judges Petrucelli, Kalemakarian, Austin, Arax, Gaab, Soley, Nytrom-Gist and Ardaiz were acting in their judicial capacities. Plaintiff's allegations against the Defendant Judges include the following: (1) Judge Solely made comments about Plaintiff in the courtroom, did not allow her to

file motions due to her vexatious litigant status, and did not disclose his relationship with Judge Petrucelli; (2) Judge Kalemarkian did not allow Plaintiff into his chambers to discuss her case and denied her motion; (3) Judge Nystrom-Gist "discussed and advised" Judge Solely "in [Plaintiff's] presence not realizing that [Plaintiff] could hear her conversation;" (4) Judges Petrucelli, Kalemarkian, Austin, Arax and Gaab "demanded a higher level of compliance to show proof of disability" and expected her to act as an attorney; (5) Judge Arax denied Plaintiff's request to represent herself and "threatened" to make her go to trial; (6) Judge Gaab discriminated against Plaintiff due to her "inability to do court paperwork correctly" and scolded and humiliated her; and (7) Justice Ardaiz denied her request for accommodations and struck her opening brief.

It is clear that Defendant Judges were acting in a judicial capacity in making decisions in Plaintiff's case(s) and in exercising control of their courtrooms/chambers. Insofar as Plaintiff contends that Defendant Judges refused to accommodate her, any such decisions were made in the course of Plaintiff's case(s) and Plaintiff presents no facts to remove the actions from the realm of judicial functions.

Therefore, Judges Petrucelli, Kalemakarian, Austin, Arax, Gaab, Soley, Nytrom-Gist and Ardaiz are entitled to absolute judicial immunity and Plaintiff's claims for monetary damages under all theories of recovery are barred.

While judges are immune to suits seeking damages, judicial immunity does not bar claims for injunctive or declaratory relief. See, e.g., Pulliam v. Allen, 466 U.S. 522 (1984); Partington v. Gedan, 961 F.2d 852 (9th Cir.1992). However, Plaintiff's claims for injunctive relief against the Defendant Judges should be dismissed for other reasons. A review of Plaintiff's requested injunctive relief reveals that it is directed at the FCSC and the Fifth District Court of Appeal, rather than the Defendant Judges. Specifically, Plaintiff requests that the Court "order defendants to train all judges/personnel, plus design and implement a program specifically to provide meaningful access to court/justice services and programs for all disabled persons with [her] type of disability." FAC, at 27. See Brown v. Cowlitz County, 2009 WL 3172778, *4

5

(W.D. Wash, 2009) (finding a similar injunctive request against a judge, court and county "redundant and duplicative" against the judge because it was directed to the county).

In addition, to the extent that Plaintiff seeks to hold the Defendant Judges personally liable, there is no individual capacity liability under the ADA or RA. See Vinson v. Thomas, 288 F.3d 1145-56 (9th Cir.2002); Becker v. Oregon, 170 F.Supp.2d 1061, 1067 (D.Or.2001); Van Hulle v. Pacific Telesis Corp., 124 F.Supp.2d 642 (N.D.Cal.2000). Thus, the ADA and RA claims against the Defendant Judges are subject to dismissal.

Finally, to the extent Plaintiff challenges decisions made in state court litigation, the Rooker-Feldman doctrine prevents her from challenging the Defendant Judges' orders in this federal action. Under Rooker-Feldman, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir.2003). Plaintiff's request to expunge her record also fails under the Rooker-Feldman doctrine.

Accordingly, the Court finds that Defendant Judges Petrucelli, Kalemakarian, Austin, Arax, Gaab, Soley, Nytrom-Gist and Ardaiz are not proper defendants and should be DISMISSED.

    2.    *Court Clerk Defendants are Entitled to Quasi-Judicial Immunity*

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. Mullis v. United States Bankruptcy Court, 828 F.2d 1385 (9th Cir. 1987); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S. 962 (1980). Clerks qualify for quasi-judicial immunity unless they acted in the clear absence of jurisdiction. Mullis, 828 F.2d 1385.

Plaintiff alleges that the Defendant Clerks withheld information relating to her case, refused to allow her to file a fee waiver application, misrepresented facts, made administrative mistakes, provided "different" information than that provided to others, provided incorrect information about filing motions, refused to allow her to file documents, refused to answer phone calls, failed to provide her with copies, failed to help her make copies and failed to allow her to

check out library books. FAC, 12. These allegations, however, involve tasks performed during the adjudication of Plaintiff's action(s) and she has not demonstrated that the Defendant Clerks acted in clear absence of jurisdiction. In fact, most of the alleged acts may have been performed based on Court procedures, not based on Plaintiff's alleged disability. Plaintiff's conclusory allegations that the Clerks "continuously discriminated, abused, humiliated, [and] ridiculed" her do not change this result. FAC, 8.

Plaintiff's claims for injunctive relief against the Clerk Defendants are also subject to dismissal. As explained above, Plaintiff's requested injunctive relief is directed at the FCSC and the Fifth District Court of Appeal, rather than the Defendant Clerks. See Brown v. Cowlitz County, 2009 WL 3172778, *4 (W.D. Wash, 2009).

Therefore, Defendants Beard, Collins, Beckette, La Flori, Teresa Doe, Fran Riley, Sara Campbell, D. Brengelman, Jane Doe, Sharon Doe, Diane Monopoly and Jane Doe(2), are entitled to quasi-judicial immunity and Plaintiff's claims for monetary damages under all theories of recovery are barred.

To the extent that Plaintiff seeks to hold the Clerk Defendants personally liable, there is no individual capacity liability under the ADA or RA. See Vinson v. Thomas, 288 F.3d 1145-56 (9th Cir.2002); Becker v. Oregon, 170 F.Supp.2d 1061, 1067 (D.Or.2001); Van Hulle v. Pacific Telesis Corp., 124 F.Supp.2d 642 (N.D.Cal.2000). Thus, the ADA and RA claims against the Clerk Defendants are subject to dismissal.

The Court also notes that Plaintiff's similar 2008 complaint was dismissed without leave to amend based in part on the Judges' absolute immunity and the court clerks' quasi-judicial immunity. In the April 23, 2009, order dismissing the complaint with leave to amend, Plaintiff was cautioned against continuing to assert section 1983 claims against judges and court staff. In her FAC, she states that because the 2008 action was not decided on the merits, she can allege the same issues against the same defendants. Plaintiff is incorrect. "The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs." Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir.1990). Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or

a higher court in the identical case. Id. Although the Court could dismiss Plaintiff's action outright for failure to follow a Court order, it has given Plaintiff, who is proceeding pro se, the benefit of the doubt by screening her FAC.

Accordingly, the Court finds that Defendants Beard, Collins, Beckette, La Flori, Teresa Doe, Fran Riley, Sara Campbell, D. Brengelman, Jane Doe, Sharon Doe, Diane Monopoly and Jane Doe(2) are not proper defendants and should be DISMISSED.

### 3.   *Plaintiff's ADA and RA Claims*

Title II of the ADA provides:

> ... [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. To prove that a public program or service violated Title II of the ADA, a plaintiff must show: (1) she is a "qualified individual with a disability"; (2) she was either excluded from participation in, or denied the benefits of, a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability. Weinreich v. Los Angeles County Metropolitan Transp. Auth., 114 F.3d 976, 978 (9th Cir.1997).

Title II of the ADA was expressly modeled after section 504 of the RA. A plaintiff bringing suit under section 504 must show (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit; (3) she was denied the benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance. Id.

The ADA provides that a person is disabled if he has a physical impairment that "substantially limits" a major life activity. 42 U.S.C. § 12102(2). Major life activities include speaking, performing manual tasks, working, caring for one's self, walking, seeing, hearing, breathing, and learning. 28 CFR § 35.104.

Plaintiff alleges that she is a qualified individual with a cognitive problem and/or brain injury. She contends that her disability impairs her ability to read, write, comprehend, analyze and focus. She also alleges that her disability causes problems with her speech and an inability to "react to issues at the pace of court proceedings..." FAC, 5. Given Plaintiff's description, it is

questionable whether Plaintiff qualifies as disabled because it does not appear that she is substantially limited in a major life activity.[1]

Even assuming that Plaintiff is a qualified individual with a disability, her allegations do not demonstrate that she was denied meaningful access to the courts because of this disability. For example, Plaintiff contends that she was denied her rights to "copies, law library, permission to apply for waiver of costs," as well as what she perceives to be her right to access a judge's chambers. FAC, 21. Such allegations, even if true, do not rise to the level of a deprivation of access to the courts. Moreover, as explained above, most, if not all, of the actions she complains of were likely based on court-related procedure rather than her disability. Instead, Plaintiff's allegations appear to arise from her displeasure over the unfavorable results in her state court action(s) and what she perceives to be unfair treatment.

Although Plaintiff does not specifically state what kind of accommodation she sought, the allegations and her request for accommodations for someone with a cognitive injury suggest that she expected the FCSC and Fifth District Court of Appeal to provide assistance with her ability to comprehend the legal aspects of her action(s). In other words, rather than providing assistance with performing basic tasks such as hearing, seeing and speaking, Plaintiff would have the FCSC and Fifth District Court of Appeal assist her with understanding the underlying legal theories and concepts. Such assistance is beyond the requirements of the ADA or RA.

Therefore, for the above reasons, the Court finds that Plaintiff's ADA and RA claims should be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim upon which relief can be granted. This also means that Defendants FCSC and the Fifth District Court of Appeal are dismissed as there are no remaining claims against them.

    4. *Plaintiff's Section 1983 Claim*

Plaintiff's remaining claim is brought under 42 U.S.C. § 1983 against the Fresno County Sheriff's Office, Sheriff Margaret Mims, Deputy Sheriff Francis Devins and Deputy Sheriff Manuel Chavez.

---

[1] The Court also notes that Plaintiff's FAC, like her original complaint, is written somewhat clearly and does not evidence any communication issues.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Additionally, there is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).

The facts relating to this claim are very vague. From the allegations, it appears that Plaintiff's claim arises from an incident in February 2008, possibly at the FCSC or Fifth District Court of Appeal, during which Plaintiff contends that she was physically hurt and arrested without probable cause by Defendants Devins and Chavez. It appears that she was arrested for trespassing in a public building and resisting arrest, and she indicates that the charges were eventually dismissed. Plaintiff also alleges that Defendants Devins and Chavez failed to follow frisking policies/procedures, and that Defendant Devins misrepresented facts in a subsequent police report. As to Defendant Fresno County Sheriff's Office and Defendant Mims, Plaintiff alleges that they violated her constitutional rights by failing to properly train and supervise personnel, and that this failure to train led to the alleged constitutional violations.

While Plaintiff may be able to state causes of action against these Defendants, her allegations are simply too vague to be sufficient under Rule 8. Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice of what the plaintiff's claim is

1  and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12,
2  122 S.Ct. 992 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

3  Plaintiff's facts relating to her section 1983 claim are conclusory statements without *any*
4  factual information to support her allegations.  The section 1983 claim is therefore DISMISSED
5  WITH LEAVE TO AMEND.  In amending, Plaintiff must provide some factual explanation to
6  support her allegations.

7  For example, Plaintiff cannot simply state that Defendant Fresno County Sheriff's Office
8  and Defendant Mims failed to properly train the officers.  Rather, Plaintiff's allegations must
9  contain facts to support her theory of liability.  Generally, a claim against a local government unit
10 for municipal or county liability requires an allegation that "a deliberate policy, custom, or
11 practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v.
12 County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489
13 U.S. 378, 385 (1989).  Alternatively, and more difficult to prove, municipal liability may be
14 imposed where the local government unit's omission led to the constitutional violation by its
15 employee. Gibson at 1186.  Under this route to municipal liability, the "plaintiff must show that
16 the municipality's deliberate indifference led to its omission and that the omission caused the
17 employee to commit the constitutional violation." Id.  Deliberate indifference requires a showing
18 "that the municipality was on actual or constructive notice that its omissions would likely result
19 in a constitutional violation." Id.

20 As to the individual officers sued in their personal capacity, Plaintiff must demonstrate
21 how their actions resulted in a deprivation of her constitutional rights. See Ellis v. Cassidy, 625
22 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
23 defendant is involved.  There can be no liability under section 1983 unless there is some
24 affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo
25 v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
26 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27
28

1     Insofar as Plaintiff attempts to state an ADA and/or RA claim against any of the
2 individual officers, she cannot do so because, as discussed above, there is no personal liability
3 under either statute.

     5.     *Conspiracy Allegations*

Finally, Plaintiff makes vague references to a conspiracy under 42 U.S.C. § 1985 among certain Defendants. For instance, she alleges that Defendants Collins, La Flori, Teresa "Doe" and Riley conspired to prevent Plaintiff from having meaningful access to services and programs available through the FCSC. She also alleges that Defendant Collins conspired with Defendant Devins to deprive her of meaningful access by "failing to accept a grievance complaint about her officers' discriminatory treatment in court lobby entrance." FAC, 18.

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted).

In interpreting these standards, the Ninth Circuit has held that a claim under section 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff's conspiracy allegations do not meet the above requirements because she again fails to provide sufficient factual support. Plaintiff's section 1985 claims also fails because Officer Devins' alleged co-conspirators are entitled to immunity, as explained above. By definition, there can be no conspiracy without at least two individuals. 42 U.S.C. § 1985(3) ("If two or more persons in any State or Territory conspire..."). Therefore, Plaintiff's section 1985(3) claims are DISMISSED WITHOUT LEAVE TO AMEND.

**RECOMMENDATION**

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's ADA, RA and section 1985(3) claims BE DISMISSED WITHOUT LEAVE TO AMEND.  Defendants Petrucelli, Kalemakarian, Austin, Arax, Gaab, Soley, Nytrom-Gist, Ardaiz, Beard, Collins, Beckette, La Flori, Teresa Doe, Fran Riley, Sara Campbell, D. Brengelman, Jane Doe, Sharon Doe, Diane Monopoly and Jane Doe(2) should also BE DISMISSED.

The Court further RECOMMENDS that the remaining claims BE DISMISSED WITH LEAVE TO AMEND.  Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.  Plaintiff is only granted leave to amend the section 1983 claims against the Fresno County Sheriff's Office, Sheriff Mims, Deputy Sheriff Devins and Deputy Sheriff Chavez.  If Plaintiff attempts to amend beyond this claim, the Court will recommend that the entire action be dismissed.

Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 20, 2009                        /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE