# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLORIA PALACIOS, | ) | 1:09cv0554 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER |
| | ) | (Documents 21 and 22) |
| v. | ) | |
| FRESNO COUNTY SUPERIOR COURT, et al., | ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| | ) | |
| Defendants. | ) | |

Plaintiff Gloria Palacios ("Plaintiff") is appearing pro se in this civil rights action.

**<u>HISTORY OF ACTION</u>**

Plaintiff filed her complaint on March 25, 2009. On April 23, 2009, the Court dismissed the complaint with leave to amend and allowed Plaintiff 30 days within which to file an amended complaint.

On May 14, 2009, Plaintiff requested a 180 day extension of time. The Court granted Plaintiff an additional 30 days within which to file her complaint. On June 23, 2009, Plaintiff filed a second request for an extension of time. On June 25, 2009, the Court granted the requested 60 day extension, but noted, "Plaintiff is forewarned, however, that she has now been granted a total of 90 days additional time and further requests will be denied absent extraordinary circumstances."

1

On August 26, 2009, Plaintiff requested a third extension of time and the appointment of counsel. On September 4, 2009, the Court granted Plaintiff's request for additional time, explaining that Plaintiff's statement that she is being treated with medication and expects to improve her functioning within four or five weeks, as well as her statement that she was attempting to find counsel, constituted extraordinary circumstances. The Court further stated, **"This is the Court's final extension, however, and further extensions will result in an Order to Show Cause why this action should not be dismissed for Plaintiff's failure to prosecute."** (emphasis in original). In denying her request for counsel, the Court explained that although Plaintiff requested counsel based on her alleged disability, "her writing is clear and she does not appear to have any communication issues."

Plaintiff filed her First Amended Complaint on October 5, 2009.

On October 21, 2009, the Court issued Findings and Recommendation that certain causes of action and certain Defendants be dismissed without leave to amend. The Court further recommended that Plaintiff be granted leave to amend the section 1983 claims against the Fresno County Sheriff's Office, Sheriff Mims, Deputy Devins and Deputy Sheriff Chavez. Her amended complaint was due within 30 days. On December 3, 2009, the Court adopted the Findings and Recommendation.

On December 2, 2009, the Court issued Findings and Recommendation to dismiss the action for Plaintiff's failure to comply with the October 21, 2009, order to file an amended complaint within 30 days. The Court explained:

> The Court's Findings and Recommendation stated that failure to comply with the terms would result in a recommendation that the action be dismissed. Moreover, Plaintiff has been given numerous opportunities to amend and in each instance, she was warned that failure to file an amended complaint within the specified time frame would result in a recommendation that her action be dismissed.

On December 23, 2009, after Plaintiff filed objections, the Court vacated the Findings and Recommendation. The Court stated:

> Plaintiff has relied on her medical condition to explain her failure to meet a multitude of Court-imposed deadlines in this action. The Court has granted Plaintiff relief many times and has afforded her numerous opportunities to correct her pleadings. The scope of her complaint has been considerably narrowed by the Court's recent order, and given Plaintiff's writing abilities in her pleadings, including her most recent objections,

2

there is no obvious reason why Plaintiff cannot submit an amended complaint. The pleading requirement in Rule 8 is straightforward. The complaint must contain a short and plain statement of her claims, and must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularly overt acts which the defendants engaged in that support Plaintiff's claim. Id.

This action has been pending since March 2009. It is the Plaintiff's responsibility, not that of the Court, to prosecute her action and move it forward. **Therefore, this will be Plaintiff's FINAL opportunity to file a timely amended complaint. Further extensions of time will be granted only for extraordinary circumstances. Plaintiff is forewarned that her medical condition and lack of an attorney do not constitute extraordinary circumstances and will not support additional extensions of time.**

**Failure to comply with this order, or submission of an amended complaint beyond the parameters set forth in the Court's October 21, 2009, will result in a recommendation that this action be dismissed.**

(emphasis in original).

On January 25, 2010, Plaintiff filed a motion to vacate the Court's December 23, 2009, order. Despite a clear warning from this Court, she again appears to request an additional extension of time and the appointment of counsel. Plaintiff's requests are based on what she perceives to be a total disability that renders her incapable of "understanding, reading, researching, analyzing, strategizing, comprehending, following rules, articulating, speaking without bursting into tears, etc." Motion, at 10.

On January 26, 2010, Plaintiff filed an "addendum" to the motion to vacate. Plaintiff continues to assert claims that have been dismissed and contends that the undersigned is biased against her.

## DISCUSSION

A.  Motion to Vacate Order

Plaintiff has presented the Court with no evidence that it has not already considered numerous times throughout this action. Instead, she continues to delay filing an amended complaint by citing her alleged disability and requesting counsel. Interestingly, though Plaintiff contends that she has a brain injury that has essentially left her unable to function mentally, her communications with this Court continue to be well articulated, well written and crystal clear. Plaintiff has signed the filings and there is no indication that she is not preparing the documents.

The Court will not vacate its December 23, 2009, order that granted Plaintiff one, final opportunity to amend. Indeed, as evidenced by the above history of this action, the Court has been lenient with Plaintiff in affording her numerous opportunities to comply with the Court's orders. Rather than attempting to submit an amended complaint in response to the Court's order narrowing her action to a section 1983 action against certain defendants, Plaintiff continues to file requests for extensions and requests for counsel. In fact, it appears that Plaintiff has no intention of attempting to file an amended complaint. She states that an extension, without the appointment of counsel, "really makes no sense because I will never be able to prepare the legal documents in compliance with the rules nor defend myself properly." Amendment to Motion, at 3. The quality of Plaintiffs filings belie her statement.

Plaintiff further suggests that the undersigned is biased against her because she has made allegations against judges with which the undersigned works, or has worked in the past. The Court's generous extensions and repeated attempts to clearly state the requirements for an amended complaint undermine Plaintiff's baseless allegations.

Accordingly, Plaintiff's motion to vacate the order is DENIED.

B.   Findings and Recommendation

Plaintiff has failed to file an amended complaint pursuant to the Court's December 23, 2009, order and instead continues to disregard the Court's orders.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41

(9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This case has been pending since March 25, 2009. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The December 23, 2009, order was clear that the Court would recommend dismissal if she did not file an amended complaint within 30 days. Thus, Plaintiff had adequate warning that dismissal would result from non-compliance with the Court's order(s).

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the action be dismissed for Plaintiff's repeated failure to follow the Court's orders and failure to prosecute this action.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 4, 2010**              /s/ Dennis L. Beck
                                           UNITED STATES MAGISTRATE JUDGE